rate claim" and "the shortfall claim." *Defs. Facts* 4. RNSB's claims for damages are explicitly shown in columns O, T1, T2, and T3 of the spreadsheets that were explicitly incorporated by reference in its contract dispute. Dkt. No. 111, exhibit 26, at 1.

Respectfully submitted,

For Plaintiffs:

DAN MACMEEKIN, ATTORNEY AT LAW
/s/ Daniel H. MacMeekin
DANIEL H. MACMEEKIN
Co-Counsel for Plaintiffs
1776 Massachusetts Avenue, NW, Suite 801
Washington, DC 20036
Telephone: (202) 223-1717
Fax: (202) 223-1459
D.C. Bar No. 393035

M.P. GROSS & ASSOCIATES, P.C.
/s/ Michael P .Gross
MICHAEL P. GROSS
Counsel for Plaintiffs
460 St. Michael's Drive, Suite 401
Santa Fe, New Mexico 87505
Telephone: (505) 995-8066
Fax: (505) 989-1096
New Mexico Bar No. 1027

GALLEGOS LAW FIRM, P.C.
J.E. GALLEGOS
Co-Counsel for Plaintiffs
460 St. Michael's Drive, Bldg. 300
Santa Fe, New Mexico 87505
Telephone: (505) 983-6686
Fax: (505) 986-1367
New Mexico Bar No. 897

ERIC TREISMAN
Co-Counsel for Plaintiffs
460 St. Michael's Drive, Suite 402
Santa Fe, New Mexico 87505
Telephone: (505) 988-9750
Fax: (505) 992 3381
New Mexico Bar No. 2744

RAMAH NAVAJO SCHOOL BOARD, INC.

P.O. Box 10 • Pine Hill, New Mexico 87357 • (505) 775-3256 • Fax (505) 775-3240

EXECUTIVE OFFICE

August 31, 2001

Mr. Diego Lujan, Director
Division of Contracts & Grants
Albuquerque Area Indian Health Service
Office of Tribal Support
5300 Homestead Road, N.E.
Albuquerque, N.M. 87110

RECEIVED '01 AUG 31 P1 :58 CONTRACT ... ALBUQ...

Re: **CONTRACT DISPUTE regarding Indian Self-Determination Act Contract No. 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**

Dear Mr. Lujan:

Pursuant to 41 U.S.C. §605, the Ramah Navajo School Board, Inc. (hereinafter "contractor") claims as follows:

Under the Indian Self-Determination Act of 1975, since 1976 Contractor has contracted for operation of an Indian Health Service-funded clinic. For all relevant periods, Contractor has obtained an indirect cost rate by negotiation with the Office of Inspector General of the Department of the Interior (cognizant agency). These rates have been negotiated under OMB Circular A-87 and related federal circulars, regulations, and policies. In May 1997, the Tenth Circuit Court of Appeals ruled in *Ramah Navajo Chapter v. Lujan*, 112 F. 3d 1455 (10th Cir. 1997) that the method employed by OIG and the Bureau of Indian Affairs to set rates on which indirect costs are paid under the Act was illegal. The following claims result from or relate to the ruling in this case, since IHS employs indirect cost rates in the same manner and for the same purpose as its sister agency under the Act, the BIA:[1]

**CLAIM I: Failure to Add to Contract or Pay Rate-Generated Amount for Indirect Contract Support Costs per 25 U.S.C. §450j-1(a) and (f)**

1. Under the 1988 and 1994 amendments to the Indian Self-Determination Act, 25 U.S.C. §§450 *et seq.*, Public Laws 100-472 and 103-413, the Secretary and the United States

---

[1] The Claims made here relate to fiscal year 1993 through 1996. Additional claims for subsequent years will be submitted in due course.

were directed and obligated by Congress to add to each contractor's ISDA contracts or compacts for operation of Indian health programs of the IHS and pay the full amount of indirect contract support determined by application of the indirect cost rate negotiated under OMB Circular A-87 to its IHS direct cost base.

2. The Secretary has failed to add to the Contractor's contracts for each of the fiscal years FY 1993 forward the full amount of indirect contract support costs so mandated by 25 U.S.C. §450j-1(a) and (f) and Model Agreement, 25 U.S.C. §450*l*(c) par.(4) and the United States has failed to pay the full amounts so mandated (based on Exhibit 1) as follows:

CLAIM I - Figure 1

| | 1993 | 1994 | 1995 | 1996 |
|---|---|---|---|---|
| (1) IDC Rate | 21.8% | 20.3% | 25.8% | 21.3% |
| (2) IHS program base | $1,137,847 | $1,120,678 | $3,216,388 | $1,851,488 |
| (3) Amt which should have been added to contract [(1) x (2)] | $ 248,051 | $ 227,498 | $ 829,828 | $ 394,367 |
| (4) Amt which was added to contract | $ 232,751 | $ 209,174 | $ 624,011 | $ 336,720 |
| (5) Difference [(3) - (4)] | $ 15,300 | $ 18,324 | $ 205,817 | $ 57,647 |
| (6) Amt actually paid for IDCS by IHS | $ 232,751 | $ 209,174 | $ 624,011 | $ 336,720 |
| (7) Difference between entitlement and actual receipt of IDCS [(3) -(6)] | $ 15,300 | $ 18,324 | $ 205,817 | $ 57,647 |

Total of differences in line (7) for 1993, 1994, 1995 and 1996 $297,088

3. The Secretary's policy of adding to the Contractor's annual funding agreements only the estimated amount which will be available from annual appropriations conflicts with the governing statute. 25 U.S.C. §450j-1(f) requires that the Secretary "add to the contract the full amount of funds to which the contractor is entitled under subsection (a)". This language created a non-discretionary duty which the Secretary's practice violates.

4. Further, to the extent that annual appropriations for the years FY 1993, 1994, 1995, and 1996 are concerned, the Secretary not only had the duty to add the amounts required by

§450j-1(f) to the contracts but also to pay them. Those were years in which the agency's appropriation was in "lump sum" form. Under applicable law, the funds to pay the contract amounts were thus available from the general appropriation for the operation of Indian Health Programs.

5. In no year after 1996 did the IHS or cognizant agency, OIG or DOI, increase our IDC rate or otherwise compensate the contractor for the shortfalls shown in Figure 1, nor has the contractor received reimbursement or compensation of these shortfalls from any other source.

**CLAIM II: Use of Incorrectly-Determined Indirect Cost Rates**

6. In determining the level of reimbursement needed to fully fund the Contractor's contract support component for indirect contract support costs as mandated by 25 U.S.C. §450j-1(a)(2) and (3), the Indian Health Service has applied and benefitted (at the expense of the contractor) from the same indirect cost rate methodology declared illegal in *Ramah Navajo Chapter v. Lujan*, 112 F.3d 1455 (10th Cir. 1997), a nation-wide class action by Indian tribal self-determination contractors, including the Contractor, against the Bureau of Indian Affairs. The miscalculation results from including other federal agency programs in the direct cost base under OMB-Circular A-87. Because the Contractor's indirect cost pool is largely fixed, the addition of these other federal agency programs in the base causes the indirect-cost rate to go down. In turn, because the other federal agencies do not reimburse indirect costs or do so at a vastly reduced level, the Contractor has failed to recover the indirect-cost pool amounts which the A-87 methodology considers to be the "need". Irrespective of other claims, the reduced indirect-cost rate when applied to IHS programs in the base results in an underrecovery from IHS of the costs needed to operate IHS programs, thus violating the mandatory funding provisions of 25 U.S.C. §450j-1(f)[2000 Supp. Pamp.].

7. By use of the incorrect methodology, the Indian Health Service has under-calculated the Contractor's indirect cost rates for each of the years noted (based on the inclusion of other federal agency funds in the direct base amounts shown in Exhibit 2) as follows:

| Year | Rate Established by Incorrect Rate Method | Corrected Rate Removing Other Agency Funding From Base |
|---|---|---|
| FY 1993 | 21.8% | 22.9% |
| FY 1994 | 20.3% | 21.4% |
| FY 1995 | 25.8% | 27.9% |
| FY 1996 | 21.3% | 24.1% |

8. By applying the correct rate to the Contractor's IHS base for each of the past nine years, the Contractor is entitled by statute to recover the following additional amounts:

| Year | Rate x IHS Base | Correct Rate x Base | Difference |
|---|---|---|---|
| FY 1993 | $248,051 | $261,079 | $13,028 |
| FY 1994 | $227,498 | $239,573 | $12,075 |
| FY 1995 | $829,828 | $898,472 | $68,644 |
| FY 1996 | $394,367 | $446,530 | $52,163 |

TOTAL: $145,910

**SUMMARY**

| | |
|---|---|
| CLAIM I | $ 297,088 |
| CLAIM II | $ 145,910 |
| TOTAL CLAIM | $ 442,998 |

The United States and the Secretary therefore owe to the Contractor the combined amounts for claims I and II show in this summary plus interest from the date of this claim to the date of payment.

**CERTIFICATION**

Pursuant to 41 U.S.C. §605(c), the undersigned certifies that (1) this claim is made in good faith, (2) the supporting data are accurate and complete, to the best of his knowledge and belief, (3) that the amount requested accurately reflects the contract adjustment for which the undersigned believes the Government is liable, and (5) that the undersigned is duly authorized to certify this claim on behalf of the Ramah Navajo School Board, Inc.

Sincerely,

Jim Hooper Jr.,
Administrative Services Director

xc: RNSB Board of Trustees
Sam Alonzo, Executive Director
Michael P. Gross, General Counsel
[Please copy all correspondence to:
Michael P. Gross, General Counsel
460 St. Michael's Drive Building 300
Santa Fe, New Mexico 87505-7602]

EXHIBIT 1

**BASIS , CLAIM I**

| A Period | B IHS Direct Base | C OIG Approved Rate | D Amount of IDC Should Have Been Recieved (B X C) | E Amount of IDC Recieved | F Difference (D - E) |
|---|---|---|---|---|---|
| FY93 | $1,137,847.00 | 21.8% | $248,050.65 | $232,751.00 | ($15,299.65) |
| FY94 | $1,120,678.00 | 20.3% | $227,497.63 | $209,174.00 | ($18,323.63) |
| FY95 | $3,216,388.00 | 25.8% | $829,828.10 | $624,011.00 | ($205,817.10) |
| FY96 | $1,851,488.00 | 21.3% | $394,366.94 | $336,720.00 | ($57,646.94) |
| Total | $7,326,401.00 | | $1,699,743.33 | $1,402,656.00 | ($297,087.33) |

DEF. EX 24 - 5

BASIS FC AIM II

EXHIBIT 2

| Period | Total Base | IDC Pool | Over/Under Recovery | Adjusted Pool | Rate |
|---|---|---|---|---|---|
| FY93 | $6,994,978.00 | $1,649,487.00 | ($126,776.00) | $1,522,711.00 | 21.8% |
| FY94 | $9,292,883.00 | $2,072,202.00 | ($182,238.00) | $1,889,964.00 | 20.3% |
| FY95 | $8,040,490.00 | $2,156,316.00 | ($82,349.00) | $2,073,967.00 | 25.8% |
| FY96 | $9,247,090.00 | $2,284,646.00 | ($316,103.00) | $1,968,543.00 | 21.3% |
| Totals | $33,575,441.00 | $8,162,651.00 | ($707,466.00) | $7,455,185.00 | |

| Period | Total Base | Less Other Agency Funding | Adjusted Base | Adjusted Pool | Corrected Rate | IHS Eligible Direct Base |
|---|---|---|---|---|---|---|
| FY93 | $6,994,978.00 | $358,629.00 | $6,636,349.00 | $1,522,711.00 | 22.9% | $1,137,847.00 |
| FY94 | $9,292,883.00 | $451,991.00 | $8,840,892.00 | $1,889,964.00 | 21.4% | $1,120,678.00 |
| FY95 | $8,040,490.00 | $616,014.00 | $7,424,476.00 | $2,073,967.00 | 27.9% | $3,216,388.00 |
| FY96 | $9,247,090.00 | $1,084,732.00 | $8,162,358.00 | $1,968,543.00 | 24.1% | $1,851,488.00 |
| Totals | $33,575,441.00 | $2,511,366.00 | $31,064,075.00 | $7,455,185.00 | | $7,326,401.00 |

| Period | IHS Eligible Direct Base | Incorrect Rate | IDC Based on Incorrect Rate | Corrected Rate | IDC Based on Correct Rate | IDC Due Based on Correct Rate |
|---|---|---|---|---|---|---|
| FY93 | $1,137,847.00 | 21.8% | $248,050.65 | 22.9% | $261,079.12 | $13,028.47 |
| FY94 | $1,120,678.00 | 20.3% | $227,497.63 | 21.4% | $239,573.23 | $12,075.60 |
| FY95 | $3,216,388.00 | 25.8% | $829,828.10 | 27.9% | $898,471.83 | $68,643.73 |
| FY96 | $1,851,488.00 | 21.3% | $394,366.94 | 24.1% | $446,529.51 | $52,162.57 |
| Totals | $7,326,401.00 | | $1,699,743.33 | | $1,845,653.70 | $145,910.37 |

DEF. EX 24 - 6

RAMAH NAVAJO SCHOOL BOARD, INC.
P.O. Box 10 • Pine Hill, New Mexico 87357 • (505) 775-3256 • Fax (505) 775-3240
EXECUTIVE OFFICE

RECEIVED

December 30, 2003

Mr. Diego Lujan, Director
Division of Contracts & Grants
Albuquerque Area Indian Health Service
Office of Tribal Support
5300 Homestead Road, N.E.
Albuquerque, N.M. 87110

Re: **CONTRACT DISPUTE regarding Indian Self-Determination Act Contracts No. 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**

Dear Mr. Lujan:

Pursuant to 41 U.S.C. §605, the Ramah Navajo School Board, Inc. (hereinafter "contractor") claims as follows:

**CLAIM I: Failure to Add to Contract or Pay Rate-Generated Amount for Indirect Contract Support Costs per 25 U.S.C. §450j-1(a) and (f)**

1. Under the 1988 and 1994 amendments to the Indian Self-Determination Act, 25 U.S.C. §§450 *et seq.*, Public Laws 100-472 and 103-413, the Secretary and the United States were directed and obligated by Congress to add to each contractor's ISDA contracts or compacts for operation of Indian health programs of the IHS and pay the full amount of indirect contract support determined by application of the indirect cost rate negotiated under OMB Circular A-87 to its IHS direct cost base.

2. The Secretary has failed to add to the Contractor's contracts for each of the fiscal years FY 1993 forward the full amount of indirect contract support costs so mandated by 25 U.S.C. §450j-1(a) and (f) and Model Agreement, 25 U.S.C. §450*l*(c) par.(4) and the United States has failed to pay the full amounts so mandated as follows:



DEF. EX 25 - 1

CLAIM I (continued)

| | | 1998 |
|---|---|---|
| (1) | IDC Rate | 21.3% |
| (2) | IHS program base | $2,436,015 |
| (3) | Amt which should have been added to contract [(1) x (2)] | $ 518,871 |
| (4) | Amt which was added to contract | $ 478,228 |
| (5) | Difference [(3) - (4)] | $ 40,643 |
| (6) | Amt actually paid for IDCS by IHS | $ 478,228 |
| (7) | Difference between entitlement and actual receipt of IDCS [(3) -(6)] | $ 40,643 |

3. The Secretary's policy of adding to the Contractor's annual funding agreements only the estimated amount which will be available from annual appropriations conflicts with the governing statute. 25 U.S.C. §450j-1(g) requires that the Secretary "add to the contract the full amount of funds to which the contractor is entitled under subsection (a)". This language created a non-discretionary duty which the Secretary's practice violates. Nothing in the rest of the statute retracts or qualifies this mandatory language and the Secretary breached the statute by not adding the full amount established by sub-section 450j-1(a) for indirect contract support to the Contractor's contracts for FY 1997 forward.

4. Regardless whether current year appropriations were available to liquidate the contract debt of the United States, 25 U.S.C. §450j-1(g) establishes the contract price including indirect contract support costs, which the United States retains the obligation to pay whether from available current year appropriations through the Secretary or by the means and remedies provided under the Contract Disputes Act, 41 U.S.C. 601 *et seq.*/



DEF. EX 25 - 2

**CLAIM II: Use of Incorrectly-Determined Indirect Cost Rates**

5. In determining the level of reimbursement needed to fully fund the Contractor's contract support component for indirect contract support costs as mandated by 25 U.S.C. §450j-1(a)(2) and (3), the Indian Health Service has applied and benefitted (at the expense of the contractor) from the same indirect cost rate methodology declared illegal in *Ramah Navajo Chapter v. Lujan*, 112 F.3d 1455 (10th Cir. 1997), a nation-wide class action by Indian tribal self-determination contractors, including the Contractor, against the Bureau of Indian Affairs. The miscalculation results from including other federal agency programs in the direct cost base under OMB-Circular A-87. Because the Contractor's indirect cost pool is largely fixed, the addition of these other federal agency programs in the base causes the indirect-cost rate to go down. In turn, because the other federal agencies do not reimburse indirect costs or do so at a vastly reduced level, the Contractor has failed to recover the indirect-cost pool amounts which the A-87 methodology considers to be the "need". Irrespective of other claims the reduced indirect-cost rate when applied to IHS programs in the base results in an underrecovery from IHS of the costs needed to operate IHS programs, thus violating the mandatory funding provisions of 25 U.S.C. §450j-1(g)[2000 Supp. Pamp.].

6. By use of the incorrect methodology, the Indian Health Service has under-calculated the Contractor's indirect cost rates in the past and for the FY 1998 year as follows:

| Year | Rate Established by Incorrect Rate Method | Corrected Rate Removing Other Agency Funding From Base |
|---|---|---|
| FY 1998 | 21.3% | 24.1% |

7. By applying the correct rate to the Contractor's IHS base for the FY 1998 year for which this claim is made, the Contractor is entitled by statute to recover the following additional amount:

| Year | Rate x IHS Base | Correct Rate x Base | Difference |
|---|---|---|---|
| FY 1998 | $518,871 | $587,080 | $ 68,209 |

8. In addition to the shortfall shown for the FY 1998 year caused by failure of the agency to pay the amount of "need" based on application of the uncorrected indirect-cost rate, the United States owes to the Contractor the difference shown above.



DEF. EX 25 - 3

As to all claims the Secretary and the United States further breached the contract's covenant of good faith and fair dealing and failed to carry out their trust duties by deliberately and knowingly requesting insufficient appropriations from Congress to pay the contract price including indirect contract support costs, pursuant to 25 U.S.C. 450j-1(a) and 450j-1(g).

SUMMARY

| | | |
|---|---|---|
| CLAIM I | | $ 40,643 |
| CLAIM II | | $ 68,209 |
| | TOTAL CLAIM | $108,852 |

CERTIFICATION

Pursuant to 41 U.S.C. §605(c), the undersigned certifies that (1) this claim is made in good faith, (2) the supporting data are accurate and complete, to the best of his knowledge and belief, (3) that the amount requested accurately reflects the contract adjustment for which the undersigned believes the Government is liable, and (5) that the undersigned is duly authorized to certify this claim on behalf of the Ramah Navajo School Board. Inc.

Sincerely,

Jim Hooper Jr.
Executive Director

xc: RNSB Board of Trustees
Michael P. Gross, General Counsel
[Please copy all correspondence to:
Michael P. Gross, General Counsel
460 St. Michael's Drive Building 300
Santa Fe, New Mexico 87505-7602]



DEF. EX 25 - 4

DEF. EX 25 - 5

BASIS FOR CLAIM I

EXHIBIT 1

| A<br>Period | B<br>IHS<br>Direct Base | C<br>OIG<br>Approved<br>Rate | D<br>Amount of<br>IDC Should<br>Have Been<br>Recieved<br>(B X C) | E<br>Amount of<br>IDC<br>Recieved | F<br>Difference<br>(D - E) |
|---|---|---|---|---|---|
| FY96 | $2,436,015.00 | 21.3% | $518,871.20 | $478,228.00 | ($40,643.20) |

BASIS FOR CLAIM II

EXHIBIT 2

| Period | Total Base | IDC Pool | Over/Under Recovery | Adjusted Pool | Rate | |
|---|---|---|---|---|---|---|
| FY96 | $9,247,090.00 | $2,284,646.00 | ($316,103.00) | $1,968,543.00 | 21.3% | |
| **Period** | **Total Base** | **Less Other Agency Funding** | **Adjusted Base** | **Adjusted Pool** | **Corrected Rate** | **IHS Eligible Direct Base** |
| FY96 | $9,247,090.00 | $1,084,732.00 | $8,162,358.00 | $1,968,543.00 | 24.1% | $1,851,488.00 |
| **Period** | **IHS Eligible Direct Base** | **Incorrect Rate** | **IDC Based on Incorrect Rate** | **Corrected Rate** | **IDC Based on Correct Rate** | **IDC Due Based on Correct Rate** |
| FY96 | $2,436,015.00 | 21.3% | $518,871.20 | 24.1% | $587,079.62 | $68,208.42 |

DEF. EX 25 - 6

RAMAH NAVAJO SCHOOL BOARD, INC.
P.O. Box 10 • Pine Hill, New Mexico 87357 • (505) 775-3256 • Fax (505) 775-3240
EXECUTIVE OFFICE

September 21, 2005

Diego G. Lujan, Director
Office of Contracts and Grants
Albuquerque Area Indian Health Service
5300 Homestead Road NE
Albuquerque, New Mexico 87110

RE: Contract Dispute Under 41 U.S.C. § 601 *et seq.*
Contract Nos: 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 & 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

Dear Mr. Lujan:

The Ramah Navajo School Board, Inc. (RNSB) respectfully requests payment of shortfalls in receipt of contract support costs under the above contracts from FY 1999 through FY 2003. These amounts are due and owing under the contracts.

IHS encourages use of indirect cost rates determined by the National Business Center (NBC) of the Department of the Interior, RNSB's cognizant agency. (These rates were previously determined by the Office of Inspector General.) The rate is negotiated, but is largely determined by inflexible criteria employed by NBC. As a practical matter, RNSB does not have control over the methodology and IHS would employ a methodology similar to NBC's if it wanted to negotiate a lump sum for indirect costs.

Attached are RNSB's calculations for FY 1999 through FY 2003 showing contract support shortfalls resulting from: (1) miscalculation of the indirect cost rate (the "rate" claim); (2) related errors in computing carry forwards (the "carry forwards" claim); and, (3) failure to pay even the incorrect rate amount (the "shortfall" claim). Each claim for each year is a separate "claim" within the meaning of the Contract Disputes Act. A short explanation of each claim follows:

(1) The rate methodology employed by NBC artificially and illegally depresses the rate applied to IHS programs and results in a determination of "need" that does not conform to the Indian Self-Determination Act's (ISDA) requirement of full funding of contract support costs needed to operate IHS contracted programs (see *Ramah Navajo Chapter v. Lujan*, 112 F.3d 1455 (10th Cir. 1997)).

(2) NBC does not carry forward under-recoveries from other federal agencies whose programs are included in the denominator of the indirect cost rate, but does carry forward over-recoveries from other federal agencies. This practice results in





DEF. EX. 26-1

depressing the rate in the second succeeding year when carry forward adjustments are used in computing the new rate. In addition, NBC uses theoretical over-recoveries in computing carry forward adjustments. These practices constitute "adverse adjustments" contrary to 25 U.S.C. §450j-1(d)(1) and (2).

(3) IHS fails to pay even the incorrectly determined rate generated amount, claiming unavailability of funds. This justification fails under the force and logic of *Cherokee Nation v. Leavitt*, 125 S. Ct. 1172 (2005).

This set of claims is based on IHS's and the Federal Government's failure to abide by the requirements of ISDA, 25 U.S.C. §450 *et seq*. The various improprieties in computing and reimbursing contract support costs have hurt delivery of our contracted programs. The underpayments constitute breaches of contract including the implied covenant of good faith and fair dealing and related trust theories. The latter arises from the agency's failure in all years since 1994 to request sufficient appropriations from Congress to meet estimated needs for contract support costs under the Act.

I certify that: (1) these updated claims are asserted in good faith; (2) I am the duly authorized representative of the contractor; (3) the supporting data are accurate and complete to the best of my knowledge and belief; and, (4) the amount requested accurately reflects the contract adjustments for which the contractor believes the government is liable.

Sincerely Yours,

Bennie Cohoe
Interim Executive Director

cc: RNSB Board of Trustees
Michael P. Gross, Esq., RNSB Legal Counsel
Marlene Martinez, Administrative Services Director
John O. Donham, CPA Consultant



DEF. EX. 26-2

Ramah Navajo School Board
Indian Health Service IDC Shortfalls 1999-2003

| A | B | C | D | E* | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|
| Type IDC Rate | | Total Direct Cost Base (Actual) | IDC Pool Approved By OIG/NBC | Actual IDC Collected From Other Agencies | Other Fed Funds in Base (Actual) | Uncorrected Rate Per OIG/NBC (Agreed) | Total Base Less Other Funds in the Base (Actual) | Corrected IDC Rate | IHS Base (Actual) |
| | Period | | | | | | C minus F | D divided by H | |
| FCF | 1999 (1997 rate) | 10,389,076 | 1,840,499 | 14,532 | 1,128,697 | 17.20% | 9,260,379 | 19.90% | 2,403,556 |
| FCF | 2000 (1997 rate) | 11,268,899 | 1,840,499 | 22,467 | 1,462,401 | 17.20% | 9,806,498 | 18.80% | 2,522,819 |
| FCF | 2001 (1997 rate) | 11,391,129 | 1,840,499 | 21,229 | 1,474,669 | 17.20% | 9,916,460 | 18.60% | 2,402,472 |
| FCF | 2002 (1997 rate) | 12,117,663 | 1,840,499 | 29,757 | 1,627,504 | 17.20% | 10,490,159 | 17.54% | 2,323,017 |
| FCF | 2003 (1997 rate) | 12,377,543 | 1,840,499 | 27,446 | 1,754,347 | 17.20% | 10,623,196 | 17.32% | 2,458,503 |

*E,L,T1,and T3, are allocated between IHS and BIA based upon total expenditures from those two funding agencies.
These percentages are:
1999 - BIA 72.36 IHS 27.64
2000 - BIA 73.21 IHS 26.79
2001 - BIA 74.90 IHS 25.10
2002 - BIA 76.40 IHS 23.60
2003 - BIA 76.30 IHS 23.70

DEF. EX. 26-3

| K | L* | M | M1 | N | O | O1 | P | Q |
|---|---|---|---|---|---|---|---|---|
| Actual IDC Expenditures | IDC Pool Approved by OIG/NBC minus Actual Expenditures | IHS CSC "Need" uncorrected (Rate times IHS portion of Base) | Carry forward template from NBC/OIG current year | IHS Actual CSC Payment | Uncorrected IHS Shortfalls or (overpayments) | Uncorrected IHS Shortfalls or (overpayments) | Corrected Need per Ramah s. Lujan | Additional Shortfall Caused by Use of Uncorrect IDC Rate |
| | D minu K | J times G | NBC's IHS Allocation of Indirect Cost Pool | | M minus N | M1 minus N | J times I minus E | (P minus M) |
| 1,962,052 | (33,874) | 413,412 | 453,234 | 464,320 | (50,908) | (11,086) | 463,775 | 50,363 |
| 1,996,668 | (41,838) | 433,924 | 447,254 | 481,000 | (47,076) | (33,746) | 451,822 | 17,898 |
| 1,927,435 | (21,821) | 413,225 | 408,616 | 629,440 | (216,215) | (220,824) | 425,630 | 12,405 |
| 1,954,088 | (26,807) | 399,559 | 375,185 | 440,163 | (40,604) | (64,978) | 377,700 | (21,859) |
| 2,060,817 | (52,215) | 422,863 | 410,103 | 417,815 | 5,048 | (7,712) | 398,366 | (24,497) |

DEF. EX. 26-4

| Q1 | R | S | T1* | T2 | T3* | U | |
|---|---|---|---|---|---|---|---|
| Corrected Ramah Shortfall | National IDC % | Failure to Pay even Annual Shortfall % (over recovery) | Failure to Carryforward Both (Over Recoveries)/ Under Recoveries from other federal agencies | IHS Use of Theoretical Recoveries to compute Carryforwards | Excess of Actual Expenditures Over NBC/OIG Approved Pool When Actual Revenues are Less Than Actual Expenditures | DCSC per I.H.S. System | |
| Q minus O1 | | J*G*R-N | From NBC/OIG carryforward Template from two years earlier | From NBC/OIG carryforward Template from two years earlier | K minus D | | O1+Q1+T1+ T2+T3+U |
| N/A | N/A | N/A | 39,739 | 140,714 | 33,874 | N/A | 203,241 |
| N/A | N/A | N/A | 39,739 | 140,714 | 41,838 | N/A | 188,545 |
| N/A | N/A | N/A | 35,532 | 144,226 | 21,821 | N/A | (19,245) |
| N/A | N/A | N/A | 39,564 | 297,615 | 26,807 | N/A | 299,008 |
| N/A | N/A | N/A | 40,068 | 220,824 | 52,215 | N/A | 305,395 |
| | | | | | | | 976,944 |



DEF. EX. 26-5