managed by members of the class in fiscal years 1993 to the present, including the failure of the defendants to properly calculate indirect contract support costs as determined in *Ramah Navajo Chapter v. Lujan*, 112 F.3d 1455 (10th Cir. 1997), constitutes multiple violations of the statutory requirements imposed upon the defendants under: 25 U.S.C. §§ 450j-1(a)(2), (3) & (5), 450j-1(b), 450j-1(c)(2), and 450j-1(f), and other applicable federal law.

**SECOND CAUSE OF ACTION**
**(BREACH OF CONTRACT)**

69. Plaintiff realleges paragraphs 1 through 68 as if fully set forth herein.

70. The Pueblo of Zuni entered into multiple ISDA contracts with the United States covering 1993 through 1998. The ISDA and these ISDA contracts required the IHS to pay the Pueblo of Zuni full contract support costs including full indirect contract support, associated with all programs transferred to tribal operation under those contracts and annual funding agreements.

71. The defendants have failed and refused to meet their contractual obligations by refusing to pay all contract support costs required to be paid under the Pueblo of Zuni's ISDA contracts for fiscal years 1993 through 1998.

72. The multiple failures of the defendants to pay to the Pueblo of Zuni its full contract support costs as alleged in this Complaint constitute multiple breaches of the Pueblo's ISDA contracts for fiscal years 1993 through 1998.

73. The plaintiff class provided the defendants with IHS-funded services under ISDA contracts. These agreements and the law under which they were executed

required the defendants to pay the plaintiff class members their full statutory entitlements to contract support costs associated with all health programs transferred to tribal operation under those contracts.

74. The defendants have failed and refused to meet their contractual obligations by refusing to pay all contract support costs required to be paid under the plaintiff class members' contracts with IHS.

75. The failure of the defendants to pay the plaintiff class full contract support costs as alleged in this Complaint constitutes multiple breaches of those ISDA contracts.

**THIRD CAUSE OF ACTION**
**(DECLARATORY JUDGMENT)**

76. Plaintiff realleges paragraphs 1 through 75 as if fully set forth herein.

77. Section 314 of the Omnibus Consolidated and Emergency Supplemental Appropriations Act for Fiscal Year 1999, Pub. L. 105-277 (§ 314), provides in full:

> Notwithstanding any other provision of law, amounts appropriated to or earmarked in committee reports for the Bureau of Indian Affairs and the Indian Health Service by Public Laws 103-138, 103-332, 104-134, 104-208, and 105-83 for payments to tribes and tribal organizations for contract support costs associated with self-determination or self-governance contracts, grants, compacts, or annual funding agreements with the Bureau of Indian Affairs or the Indian Health Service as funded by such Acts, are the total amounts available for fiscal years 1994 through 1998 for such purposes, except that, for the Bureau of Indian Affairs, tribes and tribal organizations may use their tribal priority allocations for unmet indirect costs of ongoing contracts, grants, self-governance compacts or annual funding agreements.

78. Defendants assert that § 314 bars the claims alleged by the plaintiff in this Complaint, rendering the defendants' contractual and statutory obligations void and unenforceable.

79. Plaintiff contends that § 314 is wholly inapplicable to its rights and the rights of the Class to money damages as alleged in this Complaint. Plaintiff further contends that to the extent these enactments are directed at rendering the defendants' contractual and statutory obligations to the plaintiff and the Class void and unenforceable, they are not sovereign acts but mere actionable repudiations of contracts and vested statutory rights by a contracting party – the United States – which is bound to honor its contracts and just debts the same as any other contracting party.

80. The claim of defendants that § 314 bars the plaintiff's claims and those of the Class, rendering the defendants' contractual and statutory obligations void and unenforceable, presents a matter of actual controversy between the parties.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court grant the following relief for itself and all other members of the class:

1. Monetary damages under the ISDA, 25 U.S.C. §§ 450m-1(a) and 450m-1(d) and the Contract Disputes Act, 41 U.S.C. § 601, *et seq.*, in an amount to be proven at trial.

2. Interest under the Prompt Payment Act, 31 U.S.C. § 3901 *et seq.*, the Contract Disputes Act, 41 U.S.C. § 601 *et seq.*, and other applicable law;

3. Costs of suit under the Equal Access to Justice Act, 28 U.S.C. § 2412, and other applicable law, including full reasonable attorneys' fees and expert witness fees.

4. A declaratory judgment that § 314 does not impair the rights of the plaintiff and of the class to money damages as alleged in this Complaint.

5. Such other and further relief including declaratory, injunctive and equitable relief, as the Court deems just.

DATED this 10th day of September 2001.

SONOSKY, CHAMBERS, SACHSE,
MILLER & MUNSON

Lloyd Benton Miller

SONOSKY, CHAMBERS, SACHSE
ENDRESON & MIELKE

By: David C Mielke
David C. Mielke
501 Tijeras Avenue, NW, Suite 200
Albuquerque, NM 87102
(505) 247-0147
Fax (505) 843-6912
Attorneys for Plaintif

O:\Zuni\Zuni IHS Litigation\Complaint1.wpd

FILED
AT ALBUQUERQUE
OCT 01 1993
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAMAH NAVAJO CHAPTER,

Plaintiff,

-vs- No. CIV 90-0957 LH/RWM

MANUEL LUJAN, Secretary of the Interior; EDDIE BROWN, Assistant Secretary of the Interior; MARVIN PIERCE, Chief of the Office of Inspector General, U. S. Department of the Interior; and the UNITED STATES OF AMERICA,

Defendants.

## ORDER

**THIS MATTER** came on for consideration of Plaintiff's Motion to Certify Class Under Rule 23, filed on August 21, 1991 (Docket No. 31). The Court having reviewed the memoranda of the parties and having issued its memorandum opinion of even date, FINDS:

That Plaintiff's motion is well taken and will be granted.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Certify Class Under Rule 23 be, and the same hereby is, **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff class shall include those Indian tribes and organizations who have contracted with the Secretary of the Interior under the Indian Self-Determination and Education Assistance Act.

UNITED STATES DISTRICT JUDGE

FILED
AT ALBUQUERQUE
OCT 01 1993
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAMAH NAVAJO CHAPTER,

Plaintiff,

-vs- No. CIV 90-0957 LH/RWM

MANUEL LUJAN, Secretary of the Interior; EDDIE BROWN, Assistant Secretary of the Interior; MARVIN PIERCE, Chief of the Office of Inspector General, U. S. Department of the Interior; and the UNITED STATES OF AMERICA,

Defendants.

MEMORANDUM OPINION

**THIS MATTER** came on for consideration of Plaintiff's Motion to Certify Class Under Rule 23, filed on August 21, 1991 (Docket No. 31). Plaintiff seeks to certify as a class all Indian tribes and organizations contracting under the Indian Self-Determination and Education Assistance Act (25 U.S.C. § 450) (the "Act") with the Bureau of Indian Affairs ("BIA"), who receive or are entitled to receive contract support funding based on indirect cost rates negotiated through the office of the inspector general. Having reviewed the positions of the parties and the applicable law, the Court concludes that the motion is well taken and shall be granted.

Plaintiff claims that the BIA has failed to provide statutorily mandated indirect costs to Plaintiff in an amount set forth in Section 450j-1 of the Act.

95

Defendants resist the motion for class certification. Defendants' principal objection is that although Plaintiff has exhausted its administrative remedies and is therefore properly before this Court, the claims of Plaintiff as representative party are not typical of the proposed class members. Specifically, Defendants argue that there is no showing that the members of the class to be certified have exhausted their administrative remedies under the Act. Defendants contend that unless the administrative remedies have been exhausted by each of the members of that class that they may not be included in the class. The theory is that the exhaustion of administrative remedies is jurisdictional and that if the remedies have not been exhausted, the Court's action regarding the class would be without jurisdiction.

The Indian Self-Determination Act provides that the United States District Court shall have concurrent jurisdiction with the United States Court of Claims over any civil action or claim against the BIA for money damages arising out of self-determination contracts authorized by the Act. The Act also provides that the Contract Disputes Act, 41 U.S.C. § 601, *et seq.*, shall apply to disputes concerning self-determination contracts. The claims being brought by Plaintiff relate to a self-determination contract with the BIA, and it is clear that the Contract Disputes Act applies to this case. Thus, decisions relating to the Contract Disputes Act are instructive in

determining whether the exhaustion of remedies under that statute is a jurisdictional prerequisite to an action in this Court.

A review of the decisions of the Court of Claims or its successor, the United States Claims Court, and appeals therefrom, make clear that when a government contractor wishes to seek relief in connection with the performance of his contract, he must first submit a claim to the agency contracting officer and receive an opinion from that official. The completion of these steps is a jurisdictional prerequisite to the filing of a complaint relative to the claim in the Court of Claims. *Thoen v. United States*, 765 F.2d 1110 (Fed. Cir. 1985); *W. M. Schlosser Co. v. United States*, 705 F.2d 1336 (Fed. Cir. 1983).

Plaintiff contends, however, that even if exhaustion of administrative remedies is a jurisdictional prerequisite, certification may still be granted if it would be futile for the potential class members to complete those jurisdictional prerequisites. The Court notes that Plaintiff has not cited, nor could it locate, any case decided under the Contract Disputes Act where exhaustion of remedies was waived as having been futile. This is not dispositive, however.

In *Association for Community Living in Colorado v. Romer*, 992 F.2d 1040 (10th Cir. 1993), a case decided under the Individuals with Disabilities Education Act ("IDEA"), the Tenth Circuit Court of Appeals concluded that a claimant under the IDEA need not exhaust its remedies if exhaustion would be futile or would fail to provide adequate relief, or where an agency has

adopted a policy or pursued a practice of general applicability that is contrary to the law. *Id.*, 992 F.2d 1040, 1044.

"Administrative remedies are generally inadequate or futile where plaintiffs allege structural or systemic failure and seek systemwide reforms." *Id.*

The *Romer* case, along with the Supreme Court's decision in *Honig* v. *Doe*, 484 U.S. 305 (1988) are instructive. The Court notes that Plaintiff's action does not concern a typical contract dispute wherein issues of performance need be addressed. If that were the case, the purposes behind exhaustion of administrative remedies would require that the contract claim first be brought to the attention of an agency contracting officer.[1] Instead, Plaintiff's action challenges the policies and practices adopted by the BIA as being contrary to the law and seeks to make systemwide reforms. In such a case as this, exhaustion of administrative remedies is not required.

In light of the above, it is not necessary that each member of the proposed class exhaust its administrative remedies under the Contract Disputes Act. The Court will therefore

[1]In *Romer*, the Court noted that exhaustion of administrative remedies under the IDEA serves the following important purposes: "(1) permitting the exercise of agency discretion and expertise on issues requiring these characteristics; (2) allowing the full development of technical issues and a factual record prior to court review; (3) preventing deliberate disregard and circumvention of agency procedures established by Congress; and (4) avoiding unnecessary judicial decisions by giving the agency the first opportunity to correct any error." *Romer*, 992 F.2d 1040, 1044 (*quoting Hayes v. Unified Sch. Dist. No. 377*, 877 F.2d 809, 812 (10th Cir. 1989) (decided under the Education of the Handicapped Act).

certify the class to include all Indian tribes and organizations who have contracted with the Secretary of the Interior under the Indian Self-Determination and Education Assistance Act.

An order in accordance with this memorandum opinion shall be entered.

UNITED STATES DISTRICT JUDGE

For Plaintiff:

Mr. Michael P. Gross
Roth, VanAmberg, Gross,
Rogers & Ortiz
Post Office Box 1447
Santa Fe, New Mexico 87504-1447

For Defendants:

Mr. John W. Zavitz
Assistant U. S. Attorney
U. S. Attorney's Office
District of New Mexico
Post Office Box 607
Albuquerque, New Mexico 87103-0607